Learned, P. J.
The learned county judge has not stated the reasons for which he reversed the judgment of the *138 justice of the peace. But several reasons for that conclusion might be given.
It is doubtful whether the petition sufficiently shows the relationship of landlord and tenant. At any rate, the proof fails in that respect. The defendant evidently went into possession as tenant under Sarah Cronk, since deceased, the mother of plaintiff. It is not properly shown that he succeeded to her title. He simply swears that he is owner; that he was the owner of two-eighths and is the owner of the whole. On cross-examination he stated that he had a conveyance in writing; and yet on defendant’s motion the justice refused to strike out the testimony as to ownership, on the ground that there was higher evidence. He should have proved the descent or devise of the land and the conveyance thereof from heirs or devisees.
Again, the proof offered of service of notice to quit was altogether imperfect. The person who served the paper did not know what it was, nor did he testify when it was served.
The parties appeared on the return day, July 12, and on plaintiff’s motion the justice adjourned to-July 23—more than ten days. Code, § 2248. On this adjourned day the defendant moved to dismiss the proceedings on the ground, among other things, that the justice had lost jurisdiction.
Judgment of county court affirmed, with costs.
Bockes and Landón, JJ., concur.